HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | Case No. MC09-5016RBL/KLS |
|---|---|
| Petitioner, | |
| v. | ORDER |
| ANDRE D. JONES, | |
| Respondent. | |

THIS MATTER comes on before the above-entitled Court upon Respondent's Motion for Award of Attorney's Fees [Dkt. #16]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

Sometime prior to April, 2008 the IRS examined Jones's 2006 and 2007 tax returns and, noting inconsistencies, began an investigation. On April 28, 2008 the IRS requested that Jones provide an explanation of inaccuracies on Form 1099's he submitted as well as documentation on claimed expenses. Between April 28, 2008 and a March 3, 2009 "last chance" letter, Jones provided inconsistent sets of cancelled checks but otherwise refused to meet with the investigating Revenue Agent. On July 27, 2009 the United States filed a Petition to Enforce Internal Revenue Service Summons in United States District Court. On October 26, 2009 this Court entered an Order of Enforcement requiring Jones to appear before the investigating Revenue Agent and produce records. On November 6, 2009 Jones filed a Motion for Reconsideration of that Order, and on December 2, 2009 the United States moved to withdraw the summons. The Court granted the motion on December 7, 2009. Jones thereafter filed the instant motion seeking attorney's fees and costs pursuant to 26 U.S.C. § 7430.

## ANALYSIS

Under 26 U.S.C. § 7430 a taxpayer may recover fees and costs if he can demonstrate he is a "prevailing party." Section 7430(c)(4)(A) defines prevailing party as any party in any tax proceeding who:

(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issue or set of issues presented . . ..

If, however, "the United States established that the position of the United States in the proceeding was substantially justified[,]" 26 U.S.C. § 7430(c)(4)(B), then the taxpayer will not be considered the prevailing party.

Here, Jones meets the first test of being the prevailing party because he substantially prevailed on the most significant issue. Although the Court's granting of the United States' Motion to Withdraw mooted Jones's Motion for Reconsideration, he obtained the relief he sought - - the IRS withdrew the summons. See Pacific Fisheries, Inc. v. United States, 464 F.3d 1103, 1107 (9th Cir. 2007).

However, the United States has demonstrated the position taken by the IRS during the litigation of this matter was substantially justified. Even though Jones claims that he had provided all the documents in his possession, the IRS still had a right to discuss with him the materials he provided. Jones consistently refused to meet with the investigating agent thereby forcing the IRS to search for answers elsewhere precipitating the motion to withdraw the summons. The IRS's litigation position was "reasonable." See Pierce v. Underwood, 487 U.S. 552, 565 (1988) (in EAJA fees case, Court defined substantially justified as "justified to a degree that could satisfy a reasonable person."). Jones's Motion for Award of Attorney's Fees [Dkt. #16] is **DENIED.**

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 2nd day of April, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 2